**JOHN L. BURRIS, Esq. SBN 69888**
**ADANTE D. POINTER, Esq. 236229**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrisalaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELON THURSTON, an individual,<br><br>              Plaintiff,<br><br>    vs.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his official capacity as Chief of Police; KEVIN BARRETO individually and in his official capacity as Police Officer for the CITY OF VALLEJO; HEATHER LAMB, individually and in her official capacity as Police Officer for the CITY OF VALLEJO; and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF VALLEJO, jointly and severally,<br><br>              Defendants. | CASE NO.:<br><br>COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES<br><br>JURY TRIAL DEMANDED |

## **INTRODUCTION**

1.   This action arises out of the October 30, 2018 incident involving Ms. Delon Thurston and Vallejo Police Officers Heather Lamb, Kevin Baretto, Jarrett Tonn and William Carpenter. On the date of the incident, Ms. Thurston was driving home from work when she was racially profiled and unlawfully pulled over. Defendant Baretto dragged Ms. Thurston out of her car and threw her down onto the ground, after she reported that she was afraid of his aggressive and unwarranted actions, including having an officer intimidate her with a taser gun. Ms. Thurston body, breasts and genitals were subsequently searched in a manner that left her feeling degraded and violated.

2.   The officers hauled Ms. Thurston off to jail for resisting arrest; however, the District Attorney declined to file charges against her.

3.   This action seeks to recover damages for the physical and emotional injuries resulting from the violation of Plaintiff's rights under state and federal law.

## **JURISDICTION**

4.   This action arises under Title 42 of the United States Code, Section 1983.  Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in Vallejo, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## **PARTIES**

5.   Plaintiff herein, DELON THURSTON is, and at all times herein mentioned was a resident of California and a natural person.

6.   Defendant CITY OF VALLEJO (hereinafter referred to as "CITY") is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California.  Under its supervision, the CITY OF VALLEJO operates the Vallejo Police Department

("VPD")

7.   Defendant ANDREW BIDOU (hereinafter referred to as "CHIEF") is and at all times mentioned herein a natural person. He is being sued in his official capacity as a Chief of Police for the CITY OF VALLEJO.

8.   Defendant KEVIN BARRETO (hereinafter referred to as "BARETTO") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a Police Officer for the CITY OF VALLEJO.

9.   Defendant HEATHER LAMB (hereinafter referred to as "LAMB") is and at all times mentioned herein a natural person. She is being sued in her individual and official capacity as a Police Officer for the CITY OF VALLEJO.

10. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend their complaint subject to further discovery.

11. In engaging in the conduct alleged herein, defendant police Officers acted under the color of law and in the course and scope of their employment with the CITY OF VALLEJO.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as

police officers, under the United States and California Constitutions, and as employees of the CITY OF VALLEJO.

12. For State causes of action related to Federal claims, plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff filed her claim on April 29, 2019. Plaintiff's claim was acknowledged, but never accepted or rejected by the CITY. Nevertheless, 45 days has passed since the filing of the claim, making Plaintiff's state claims ripe for litigation.

## STATEMENT OF FACTS

13. On October 30, 2018, at approximatley 6:45 p.m., Plaintiff Ms. DELON THURSTON was driving home to Vallejo, from her job in Pleasant Hill. Ms. Thurston is a petite African American woman, standing 5'5" and weighing only 110 pounds.

14. Ms. Thurston intended to stop at a friend's house, but was deterred when she observed a Vallejo Police Department SUV prowling around City Park.  As Ms. Thurston proceeded down Sacramento Street to return home, she once again noticed the same Vallejo Police Department SUV from the park. The SUV was now in front of her at the Tennessee Street and Valle Vista Street stoplight. For unknown reasons, the SUV abruptly pulled over to the side of the road and as soon as Ms. Thurston passed it, the SUV pulled in directly behind her, specifically targeting her.

15. Ms. Thurston was wary of the Vallejo Police SUV, as she is familiar with Vallejo PD's long history of unlawful violence and oppression directed at African Americans.

16. Ms. Thurston proceeded to drive down Sacramento Street, with the police SUV following closely behind her. Ms. Thurston activated her left turn signal and turned onto Parrott Street.

17. As Ms. Thurston began to approach her house, the SUV activated its lights and sirens, prompting her to pull over and into her own driveway.

18. Defendant Vallejo Police Officer Kevin Barreto agressively approached the car, accompanied by Vallejo Police Detective Jarrett Tonn. Ms.Thurston asked why she was being stopped. Officer Barreto claimed Ms. Thurston made an abrupt left turn. Ms. Thurston denied making any abrupt turns, having just signaled and lawfully pulled onto her own street with full knowledge that she was being watched by the police vehicle that was following closely behind her.

19. Additional Vallejo Police Officers approached the car, one holding a taser in his hand in a threatening manner, prompting Ms. Thurston to partially roll up her window as she continued to try and locate her driver's license and registration. The identity of the Officer threatening Ms. Thurston with a taser is currently unknown.

20. Ms. Thustron notified the Officers that she was afraid. In response, Defendant Officer Baretto yanked Ms. Thurston's door open and dragged her out of the car by her arm. Ms. Thurston was thrown down onto the cement, causing her face and chest to violently hit the ground. Officers then handcuffed Ms. Thurston.

21. Next Defendant Officer Heather Lamb initiated a pat search of Ms. Thurston. Defendant Officer Lamb searched Ms. Thurston's breasts and genitals in such an unprofessional manner that Ms. Thurston was left feeling violated, humiliated and degraded.

22. Adding insult to a grevious injury, Defendant Officer Lamb arrested and hauled Ms. Thurston to jail for supposedly resisting arrest. The Solano County District Attorney refused to prosecute this facially unlawful fishing expedition.

23. Defendant Baretto would later claim in his official police report that he believed Ms. Thurston's car was stolen, despite the fact that the car was lawfully registered and had a visible license plate attached to it which identifued the car as Ms. Thurston's. Not surpisingly, the vehicle was not reported stolen and there was never any evidence to suggest that it was.

24. Ms. Thurston suffered physical and emotional injuiries as a result of Defendants' unlawful arrest and assault.

25. Plaintiff is informed and believes and theron alleges that none of the Defendant Officers were disciplined or retrained as a result of this incident, a pattern prevalent with the CITY OF VALLEJO POLICE DEPARTMENT.

26. Plaintiff is informed and believes and thereon alleges that CITY OF VALLEJO, CHIEF and DOES 26-50, inclusive, breached their duty of care to the public in that they have engaged in a long history of failing to discipline its officers for their respective misconduct and involvement in incidents of misconduct, including the incident described herein, namely an unprovoked, violent assault, tasing and arrest of a law-abiding taxpayer. Their failure to discipline Defendants, and DOES 1-25 inclusive, and other officers involved in multiple overt incidents of misconduct, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive force and the fabrication of official reports to cover up the Defendants' and DOES 1-25's inclusive, misconduct.

27. Plaintiff is informed, believes and theron alleges that CHIEF BIDOU failed to investigate plaintiff's allegation, nor discipline or retrain the Defendant Officers as a result of this incident.

28. Plaintiff is informed, believes and thereon alleges that members of the CITY OF VALLEJO Police Department, including, but not limited to Does 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against Plaintiff.

29. Plaintiff is further informed, believes and therein alleges that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of VALLEJO, the CITY has allowed persons to be abused by its Police

Officer including Defendants and Does 1-25 and/or each of them, individually and/or while acting in concert with one another.

30. Plaintiff is informed, believes and therein alleges that City of Vallejo Police Department exhibits a pattern and practice of using excessive force and misconduct against citizens and despite these incidents, none of the Officers are ever found in violation of department policy or disciplined, even under the most questionable of circumstances. Vallejo Police Department failure to discipline or retrain Defendant Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of the Vallejo Police Department's failure to properly supervise its Officers and ratify their unconstitutional conduct. Plaintiff is informed, believe and therin allege that the following instances are examples of the City of Vallejo's pattern and practice of condoning misconduct by failure to discipline:

(a) In May 2012, Mr. Anton Barrett, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of shooting an unarmed man. The City of Vallejo settled this case. (See 2:13-cv-00846)

(b) In 2012, Mr. Mario Romero, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of this incident. The City of Vallejo settled this case.

(c) In 2012, Mr. Jeremiah Moore, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of this incident.  After having killed three men in five months, Officer

Sean Kenney left the department voluntarily, but was then inexplicably rehired as a Homicide Detective, despite public outcry.

(d) In August 2012, minor Jared Huey was shot and killed by Vallejo Police Department, after a pursuit. Mr. Huey was shot while unarmed with his hands up. Upon information and belief, none of the defendants involved in this case were disciplined or retrained. This case settled. (See 2:13-cv-00916)

(e) In August 2015, Mr. Jimmy Brooks was having a mental health crisis when Vallejo Police Department Officers Spencer Munoz-Bottomly, Matthew Samida, Zach Jacobsen, James Duncan, Officer Hicks, Jesse Irwin and Ted Postolaki responded. Instead of providing mental health services, officers ended up breaking Mr. Brooks' ankle and fibula. No officers were disciplined or retrained as a result of this incident. This case settled. (See 2:16-cv-02376).

(f) In January 2015, Mr. Jon Connelly was violently attacked by Vallejo Police Officer Bradley Phillips. During the incident, Officer Phillips threw Mr. Connelly to the ground and smashed his hand/wrist into the concrete with his boot, causing broken bones. In addition, Mr. Connelly suffered a torn rotator cuff and other injuries. Federal litigation ensued. On information and belief, Plaintiff alleges that prior to the federal trial commencing in this matter, Vallejo Police Officers threatened one of Mr. Connelly's trial witnesses, which resulted in a defense verdict due to Mr. Connelly's witness being too intimidated to come to court. Mr. Connelly has experienced a pattern of harassment ever since speaking out about this incident. The involved officers were never discplined or retrained for the underlying incident nor the witness tampering. (See 2:16-cv-1604)

(g)   In June 2015, Jason Anderson was pulled over by Vallejo Police Officers Herndon, Melville, and Coelho. Officers inexplicably tased Mr. Anderson several times and punched him multiple times. During the incident, Officers were caught on audio concocting a story to conceal their violations. No officers were disciplined or retrained as a result of this incident. Litigation is ongoing. (See 2:17-cv-00137)

(h)   In December 2015, Mr. Joseph Ledesma was brutally attacked by Vallejo Police Officers Robert Demarco and Amanda Blain on his own front lawn, without provocation. Mr. Ledemsa suffered multiple fractures in both arms due to dozens of Officer Demarco's vicious metal baton strikes. Officer Blain tased Mr. Ledesma multiple times and threatened to do the same to his wife. Mr. Ledesma was struck so many times the metal baton bent and had to be disgarded. In his official police report, Officer Demarco claimed to strike Mr. Ledesma only ONE TIME, despite the photographic evidence of numerous baton strikes on Mr. Ledesma's arms. The officers did not use their body worn cameras until after they ceased using force. No one was disciplined or retrained as a result of this incident. During federal litigation related to this matter, Defendant Demarco provided a patently different statement under oath than the one he provided in his police report. He later recanted his new statement and adopted the statements made in his police report. Federal Judge Morrison England issued an Order confirming the City's supervisory failure and failure to discipline the involved officers' overt policy violations. This case settled in August 2019. (See 2:17-cv-0010)

(i) In April 2016, Mr. Derrick Shields was attacked by multiple Vallejo Police Officers while lying face down on the ground. Officers kicked, punched, and struck him with a baton and flashlight. Mr. Shields was knocked unconscious and suffered a broken jaw and broken teeth as a result of this incident. Upon information and belief, none of the officers involved in this incident were retrained or disciplined. (See 2:16-cv-02399)

(j) On January 23, 2017, Decedent Angel Ramos was shot to death by Vallejo Police Officer Zachary Jacobsen. The City of Vallejo Police Department issued a press release in response to this incident wherein they claimed Angel Ramos was shot because he was in the midst of trying to stab a child. This public release of knowingly inaccurate information was calculated to mislead the public and villify the decedent, in order to dissuade public outcry and conceal unlawful practices. Witness testimony and physical evidence belies the department's public claims and shows that Angel Ramos was shot while unarmed and engaged in a fist fight. Officer Jacobsen shot Angel Ramos from a place of obvious tactical disadvantage and did not activate his lapel camera, in violation of training and department policy. Officer Jacobsen was not disciplined or retrained as a result of this incident. This case is ongoing. (See 2:17-cv-01619)

(k) In Feburary 2017, Mr. Michael Kennedy was lawfully videotaping an incident involving Vallejo Police Officers. The Officers demanded that Mr. Kennedy stop videotaping and arrested him in violation of his First Amendment rights. Upon information and belief, officers were not disciplined or retrained as a result of this incident. A claim has been filed and litigation is currently stayed.

(l)  In March 2017, Mr. Nickolas Pitts was taking out his garbage when he was accosted by Vallejo Police Officers Ryan McLaughlin and Officer Kimodo. Mr. Pitts was commiting no crime or infraction. Mr. Pitts was violently thrown into a light pole and had his dreadlocks ripped from his head. Officers falsely claimed to onlookers that Mr. Pitts was on parole, despite Mr. Pitts having no criminal record whatsoever. Mr. Pitts was falsely arrested for resisting arrest. Officers did not activate their body worn cameras until after handcuffing Mr. Pitts. All charges were dismissed against Mr. Pitts. No officers were disciplined or retrained as a result of this incident. This case settled in 2018. (See 2:17-cv-00988)

(m) In March 2017, Mr. Dejuan Hall was viciously beaten by Vallejo Police Officers while suffering a known mental health episode. Instead of providing assistance, Vallejo PD Officer Spence Munoz-Bottomly punched Mr. Hall in the face multiple times and beat him with a flashlight. This incident was captured on video. Upon information and belief, no officers were disciplined or retrained as a result of this incident. The City of Vallejo settled this case in June 2019.

(n)  In July 2017, Mr. Carl Edwards was attacked by Vallejo Police Officers Spencer Muniz-Bottomley, Mark Thompson, Bretton Wagoner and Sgt. Steve Darden while fixing a fence. During this vicious beating, Mr. Edwards suffered head trauma, a broken nose, a black eye, cuts to his face, arms, back, hands, head, and he required stitches over his right brow. This incident was captured on video. Upon information and belief, none of the officers involved in this incident were disciplined or retrained. It should be noted that Sgt. Steve Darden has a number of unwarranted violent incidents with the public captured on video, including an

incident where he attacked a crime victim. Nevertheless, he remains part of the commmand staff. Litigation in this case is ongoing.

(o) On February 13, 2018, Decedent Ronell Foster was shot to death by Defendant Ryan McMahon, after being stopped for not having a headlight on his bicycle. The City of Vallejo Police Department issued a press release in response to this incident wherein they claimed Mr. Foster raised a flashlight in his hand in a menacing fashion, prompting Officer McMahon to fear for his life and open fire. This public release of knowingly inaccurate information was calculated to mislead the public and villify the decedent, in order to dissuade public outcry and conceal unlawful practices. Video evidence of the incident belies the department's public claims and shows Mr. Foster being shot in the back while attempting to flee from Officer McMahon, who had struck Mr. Foster in the head with a flashlight. Officer McMahon did not activate his body worn camera until after Mr. Foster was shot and killed. Officer McMahon was never disciplined or retrained after shooting an unarmed man in the back. This case is currently being litigated. (See 18-cv-00673 JAM-CKD);

(p) In April 2018, Ms. Sherry Graff was at her home when Vallejo Police Officer Murphy arrived in response to a welfare check. Officer Murphy lured Ms. Graff out of her house for the purpose of arresting her. In the course of bringing her into custody, Officer Murphy threw her down the stairs and abused her so violently that he left fingerprint bruises on her breasts. Ms. Graff required mutiple staples to repair the lacerations to her head. This incident was captured on lapel camera

video. No one was disciplined or retrained as a result of this incident. This case is currently being litigated. (See 2:18-cv-02848-KJM-CKD);

(q)  In August 2018, Angel Bagos was attacked by Vallejo Police Department in front of a restaurant. Without cause, Mr. Bagos was knocked down, hog tied and severely beaten with a flashlight. Mr. Bagos was arrested but all charges were dropped. This incident was caputed on video. Upon information and belief, none of the officers involved in this incident were disciplined or retrained. A claim has been filed in this matter and litigtion is forthcoming.

(r)  In January 2019, Mr. Adrian Burrell was lawfully videotaping his cousin Michael Lawson, who was being held at gunpoint by Vallejo Police Officer David McLaughlin, for an alleged traffic violation. Mr. Burrell was standing on the porch of his own home, approximately 35 feet away from the officer. Vallejo Police Officer David McLaughlin unlawfully demanded that Mr. Burrell go back into his house. When Mr. Burrell refused, Officer McLaughlin attacked Mr. Burrell, causing a concussion and other injuries, then placed him under arrest. The incident was captured on video and was the subject of international outrage. It was later learned that in August 2018, Officer David McLaughlin violently attacked a man in Walnut Creek on video, while off duty, which was known to the Chief of Police Andrew Bidou. Mr. Adrian Burrell met with Chief of Police Andrew Bidou following the incident. Despite seeing two videos of Officer McLaughlin engaging in two unprovoked violent attacks on innocent people, and other violent on duty incidents, Chief Bidou maintained that Officer McLaughlin was not a danger to the community;

(s)  In March 2019, Carlos Yescas was stopped by a Vallejo Police Department Lieutenant Nichelini for a minor traffic offense. The Lieutenant was in plain clothes and driving an unmarked car not suitable for transport. Lt. Nichelini failed to identify himself as a police officer and falsely accused Mr. Yescas of resisiting, because he was still wearing his seatbelt. Lt. Nichelini tried to drag Mr. Yescas out of the car although the young man was still wearing his seatbelt. The Lieutenant threw Mr. Yescas on the ground and then kneeled on his back prompting Mr. Yescas to plead with the Lieutenant that he was unable to breath. Mr. Yescas was arrested. This incident was captured on video by Mr. Yescas' 10-year-old brother. Upon information and belief, Lt. Nicholini was not disciplined or retrained as a result of this incident. A claim for this incident has been filed.

(t)  On April 15, 2019, Deyana Jenkins and several young women were stopped by multiple Vallejo Police Officers without cause. Ms. Jenkins is the niece of Decedent Willie McCoy. The young women were held at gunpoint without cause. Ms. Jenkins was compliant; nevertheless, a yet-to-identified Officer dragged her out of the car, threw her on the ground and tased her.  Ms. Jenkins was arrested and taken to jail. The District Attorney refused to charge Ms. Jenkins with any crime related to this unlawful incident. Prior to this incident, Ms. Jenkins had never been arrested in her entire life. The incident was captured on bystander cellphone video. Upon information and belief, no officers were disciplined or retrained as a result of this incident. A claim has been filed and litigation is forthcoming.

(u) On June 25, 2019, Vallejo City Manager Greg Nyhoff spoke at a regularly scheduled City Council meeting.  Shockingly, Mr. Nyhoff publicly ratified the department's infamous history of violence and contravened the countless civil claims, civil complaints, videos, photos and testimonials from the community reporting unwarranted violence, abuse, false arrest, racial profiling and intimidation by denying that there is an excessive force problem with Vallejo Police Officers. The City Manager  stated that in his "opinion, those just don't seem like there's excessive use of force or a lot of use of force in our community," Nyhoff said. "There are people who resist," Nyhoff said. "There are people with mental illness who you just have to use force, sometimes for their own health or well being." Mr. Nyhoff's statements clearly seek to publicly ratify, encourage and condone the Vallejo Police Department's well documented pattern and practice of gratuitous violence and unconstitutional policing. Mr. Nyhoff's statements regarding force being used on mentally ill individuals is in contrast to P.O.S.T. training, Vallejo Police Department policy, state and federal law and seeks to excuse unlawful behavior.

31. Plaintiff is informed, believes and therein alleges that CITY OF VALLEJO knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

32. Plaintiff is ignorant of the true names and capacities of Defendant Officers DOES 1 Through 25, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiff is informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend their

complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

DAMAGES

33. Plaintiff was physically and emotionally injured and damaged as a proximate result of this egregious and unwarranted beating, including but not limited to: Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment; and violations of California statutory and common law.

34. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law.  Plaintiff are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that she is the prevailing party in this action under 42 U.S.C. § 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

**(Plaintiff Against Defendants BARETTO, LAMB and DOES 1-25 inclusive)**

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 of this complaint. Defendants' Baretto, Lamb and DOES 1-25, above-described conduct violated Plaintiff's rights, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of force against her.

36. Plaintiff was forced to endure conscious pain and suffering and severe emotional distress because of Defendants' unconstitutional conduct;

37. Defendant acted under color of law by seizing Ms. Thurston, without lawful

justification thereby depriving her of her right to be free from unreasonable searches and seizures; and by seizing and physically attacking Ms. Thurston without lawful justification thereby subjecting Plaintiff to excessive force and depriving her of her right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Monell – 42 U.S.C. section 1983)
### (Plaintiff Against CITY, CHIEF and DOES 26-50)

38. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint.

39. Plaintiff is informed and believes and thereon alleges that high-ranking CITY OF VALLEJO officials, including high-ranking police supervisor CHIEF Andrew Bidou and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional excessive force by Vallejo Police Department.

40. Despite having such notice, Plaintiff is informed and believes and thereon alleges that CITY OF VALLEJO & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by Vallejo Police Department employees by failure to discipline and retrain officers who acted unlawfully and outside of department policy, which brought about Defendants and DOES 1-25 unlawfully attack on Plaintiff.

41. Plaintiff is further informed and believes and thereon alleges that as a result

of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers and DOES 1-25 and/or each of them, ratified and encouraged these Officers to continue their course of misconduct.

42. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of Vallejo Police Officers, including, but not limited to unlawfully using excessive force to make detentions and/or arrests.

43. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF VALLEJO officials, including high ranking Vallejo Police Department supervisors, DOES 26-50, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to the right to be free from excessive force by Officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Negligence)**

**(Plaintiff Against Defendants and DOES 1-25 inclusive)**

44. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 43 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

45. Defendants and DOES 1-25 inclusive, by and through their respective agents and employees, caused the injuries to Plaintiff, as a result of their negligent conduct and/or negligent failure to act as set-forth herein, including, but not limited to: failure to use proper tactics and/or employ reasonable police procedures and/or use appropriate force.

46. As an actual and proximate result of said defendants' negligence, Plaintiff sustained pecuniary loss, emotional distress, and pain and suffering, in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

**(Violation of Right To Enjoy Civil Rights)**

**(Violation of CALIFORNIA CIVIL CODE §52.1)**

(Plaintiff Against Defendants BARETTO, LAMB, and DOES 1-25)

47. Plaintiff re-allege and incorporate by reference paragraphs 1 through 46 of this Complaint.

48. Defendants Baretto, Lamb and DOES 1-25 above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

**(Battery)**

**(Plaintiff Against Defendants Baretto, Lamb, and DOES 1-25 inclusive)**

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 of this complaint.

**50.** Defendants' above-described conduct constituted a battery.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION

**(Assault)**

**(Plaintiff Against Defendants Baretto, Lamb, and DOES 1-25 inclusive)**

51. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 50 of this complaint.

**52.** Defendants' above-described conduct constituted an assault.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Plaintiff Against Baretto, Lamb, and DOES 1-25 inclusive)

53. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 52 of this Complaint.

54. Defendants' above-described conduct was extreme, unreasonable and outrageous.

55. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of being attacked, terrorized, assaulted and battered.

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

## JURY DEMAND

56. Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

1. For injunctive relief, up to and including assigning a federal monitor to supervise the CITY OF VALLEJO;

2. For general damages in a sum to be determined at trial;

3. For special damages, including but not limited to, past, present and/or future wage loss, income, medical expenses and other special damages in a sum to be determined according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants Baretto, Lam, Bidou, and DOES 1 through 25 and/or each of them;

5. Any and all permissible statutory damages;

6. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. §794a; and

7. For cost of suit herein incurred.

Dated:  September 18, 2019                    THE LAW OFFICES OF JOHN L. BURRIS

                                              /s/ JOHN L. BURRIS
                                              JOHN L. BURRIS
                                              ADANTE D. POINTER
                                              MELISSA C. NOLD
                                              Attorneys for Plaintiffs