RANDY J. RISNER
Interim City Attorney, SBN 172552
**BY: KATELYN M. KNIGHT**
Deputy City Attorney, SBN 264573
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants CITY OF VALLEJO, ANDREW BIDOU, KEVIN BARRETO, and HEATHER LAMB

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELON THURSTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, ANDREW BIDOU, KEVIN BARRETO, and HEATHER LAMB, and DOES 1 to 50,<br><br>Defendants.<br>_____ / | CASE NO. 2:19-cv-01902-KJM-CKD<br><br>**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>DATE: July 24, 2020<br>TIME: 10:00 a.m.<br>CTRM: 3, 15th Floor<br><br>Complaint Filed: 07/20/18 |

Defendants CITY OF VALLEJO, ANDREW BIDOU, KEVIN BARRETO, and HEATHER LAMB (collectively "Defendants") hereby move to dismiss the First Amended Complaint ("FAC") filed by Plaintiff DELON THURSTON pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), and/or moves to strike the irrelevant and unrelated allegations pursuant to Federal Rule of Civil Procedure Rule 12(f), and submit the following Memorandum of Points and Authorities in support.

{02178386.DOCX}    1

# I.

# INTRODUCTION

This case arises out of an alleged October 30, 2018 traffic stop of Plaintiff and extraction from her vehicle by Vallejo Police Officer BARETTO, and subsequent pat-down search and arrest by Vallejo Police Officer HEATHER LAMB. Despite this fairly straightforward scenario, Plaintiff seeks to expand her claim against the City by listing twenty (20) past lawsuits or scenarios involving shootings, baton strikes, and other unrelated past litigation, as well as ongoing litigation filed by counsel for Plaintiff, ostensibly to describe a claimed culture of lack of discipline.

Defendants submit that the First Amended Complaint is deficient in several respects. First, the Amended Complaint includes allegations regarding other claims and ongoing litigation so clearly irrelevant on their face, Plaintiff clearly includes said allegations for salacious and improper purposes. This is evident by the self-serving fact that a majority of the lawsuits were filed by counsel for Plaintiff. Defendants request that the following paragraphs be stricken as irrelevant matter: Paragraph 30 subparagraphs (a)-(d), (j), and (o) (officer-involved shootings), (e) and (h)- (i) (baton strikes), (f) (defense verdict for the officers), (g) and (t) (taser use), (k) and (r) (alleged unlawful stop for videotaping), (l)-(n) and (p)-(q) (alleged unlawful arrest and force during investigatory stop) and (u) (statements by City Manager). Defendants submit that any remaining allegations are insufficient for purposes of Monell and request dismissal of Plaintiff's cause of action thereunder.

Second, the Complaint fails to allege sufficient facts to support a cause of action against former Chief BIDOU in his individual capacity. When Section 1983 claims are brought against a supervisor, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Accordingly, Defendants request that Plaintiff's claims against former Chief BIDOU be dismissed.

# II.

# ALLEGATIONS IN PLAINTIFF'S COMPLAINT

A. **General Allegations**

Plaintiff alleges on October 8, 2018, she was the subject of a traffic stop by Vallejo Police

{02178386.DOCX} 2

Officer BARETTO. (FAC, ¶s 16-18). After being asked to provide her license and registration, Plaintiff started to roll up her window despite a taser allegedly being pointed at her. (Id., ¶ 19). Vallejo Police Officer BARETTO allegedly pulled Plaintiff out of her vehicle "throwing" her down on the cement. (Id., ¶ 20). Vallejo Police Officer LAMB conducted a pat down search of Plaintiff which included Plaintiff's "breasts and genitals", and which Plaintiff alleges was performed "in an unprofessional manner." (Id., ¶ 21). Plaintiff alleges Vallejo Police Officer LAMB arrested her for "supposedly resisting arrest" but was not prosecuted. (Id., ¶ 22).

**B.    Supervisory Allegations**

Plaintiff alleges that former Vallejo Police Chief BIDOU, as the final policy-maker for the CITY's Police Department about discipline, training, supervision and "constitutional policing" (Id., 7), "engaged in the long history of failing to discipline" officers, including the defendants in this case. (Id. ¶s 26-27). Plaintiff alleges in conclusory fashion that Chief BIDOU "knew and/or reasonably should have known about the repeated acts of unconstitutional excessive force by Vallejo Police Department" (Id. ¶ 39), despite that Plaintiff appears to rely on a series of past lawsuits from 2012 (two years before BIDOU was hired as Police Chief), as well as current[1] lawsuits each of which Plaintiff alleges no discipline occurred, nor alleges any unconstitutional findings or concessions of unlawful occurrences. (Id., ¶s 30(a-r).

**C.    Monell Allegations**

Plaintiff alleges the CITY "approved, ratified, condoned, encouraged, sought to cover up and/or tacitly authorized" a "pattern and practice" of excessive force. (Id. ¶ 28-30); In support, Plaintiff includes references to several past lawsuits, but Plaintiff does not allege any findings of unconstitutional conduct in those cases, nor that any decision not to discipline the allegedly involved officer was made by a final policymaker. (Id., ¶s 30(a-r). Specifically, Plaintiff makes the following allegations regarding each of these prior incidents, claims, and lawsuits:

In Paragraph 30(a)-(c), Plaintiff refers to three officer-involved shootings by an Officer Kenney in 2012, and alleges he was never disciplined. Plaintiff alleged no facts that would support a finding of unconstitutional conduct.

---

[1] Former Chief BIDOU retired in mid-2019

{02178386.DOCX}                                   3
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS/STRIKE PLAINTIFF'S AMENDED COMPLAINT**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

In Paragraph 30 (d), Plaintiff cites to another shooting of a minor after a pursuit, but does not mention that the case (*Huey, et al. v. City of Vallejo, et al.*, USDC EDCA Case No. 13-00916), does not involve the same officers as this case. Plaintiff alleges upon information and belief that "none of the officers were disciplined." (FAC, ¶30(d)).

In Paragraph 30 (e), Plaintiff claims several officers (not those alleged in this case) "ended up breaking" the ankle and fibula of Mr. Brooks, who was having "a mental health crisis." (Id.,¶ 30(e). *Brooks v City of Vallejo et al*, USDC EDCA Case No. 2:16-cv-02376.

In Paragraph 30(f), Plaintiff cites to *Connelly v. Phillips,* USCD EDCA Case No. 16-cv-1604, which actually resulted in a defense verdict and a judgment in favor of the City of Vallejo. See ECF No. 63 and 64. Plaintiffs' claim of witness intimidation is unfounded. Indeed, in adjudicating costs, the Court noted: "Although Plaintiff's case turned upon the jury's credibility determination, that credibility determination was undoubtedly influenced by the fact that Plaintiff's witnesses presented a different version of the Case. Plaintiff knew, or should have known, of this inconsistency at the close of discovery. He knew, or should have known, that these discrepancies would undermine his credibility. Yet, he proceeded to trial anyway." (2:16-cv-01604-JAM-EFB, ECF No. 73, pp. 9-10). There is no mention of missing witnesses or intimidation.

In Paragraph 30(g), Plaintiff cites to *Anderson v City of Vallejo et al*, USDC EDCA Case No. 17-CV-00137-JAM-DB, where the plaintiff alleged he was tased and beaten (but not by the officers named as defendants in this case). Despite claiming the litigation is ongoing, it was settled in October 2019 and dismissed in December 2019. (See Docket)

In Paragraph 30(h), Plaintiff cites to *Ledesma v City of Vallejo*, USDC EDCA 17-cv-00106-MCE-CKD[2], where Mr. Ledesma claimed he was beaten with baton strikes and tased. Contrary to the allegations that District Court Judge Morrison England issued an order "confirming the City's Supervisory failure and failure to discipline the involved officers' overt policy violations" (FAC, p.9:28-10:2), the court merely denied the City's summary judgment motion, finding that Mr. Ledemsa' version of the facts, together with the officers' inconsistent versions, presented triable issues. (ECF No. 25, pp 12-3, *Ledesma v City of Vallejo*, USDC EDCA 17-cv-00106-MCE-CKD)

---

[2] Plaintiff provides the wrong case number in the FAC

{02178386.DOCX}                                           4
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS/STRIKE PLAINTIFF'S AMENDED COMPLAINT**

In Paragraph 30(i), Plaintiff cites to *Shields v. City of Vallejo, et al.*, USDC EDCA Case No. 2:16-cv-02399-JAM-CKD, a case filed by a pro per prisoner that was eventually dismissed for Shield's failure to prosecute. (ECF Nos. 16-18, *Shields v. City of Vallejo et al.*, USDC EDCA Case No. 2:16-cv-02399-JAM-CKD).

In Paragraph 30(j), Plaintiff cites to ongoing litigation also filed by counsel for Plaintiff, *Evans et al v. City of Vallejo* et al, USDC EDCA Case No 2:17-cv-01619-TLN-AC, arising from a shooting death by officers, not defendants.

In Paragraph 30(k), Plaintiff cites to ongoing litigation filed by counsel for Plaintiff, *Kennedy v. County of Solano, et al.*, USDC EDCA Case No. 19-cv-02311-MCE-DB, which arises from an alleged retaliatory arrest after videotaping the police.

In Paragraph 30(l), Plaintiff cites to settled litigation filed by counsel for Plaintiff, *Pitts v. City of Vallejo, et al.* USDC EDCA Case No 2:17-cv-00988-KJM-D against two officers, again not the defendants in this case, arising from allegedly being thrown into a light pole and arrested for being on parole which was allegedly false.

In paragraph 30(m), Plaintiff alleges that in March 2017, VPD Officer Munoz-Bottomley[3] beat Mr. Dejuan Hall with a flashlight. In Paragraph 30(n), Plaintiff alleges the same officer, along with others (not defendants) "attacked" a Mr. Carl Edwards in July 2018. Although not identified, Plaintiff is referring to *Edwards v. City of Vallejo*, USDC EDCA Case no. 2:18-cv-02434-MCE-AC.

In paragraph 30(o), Plaintiff cites to ongoing litigation in the shooting death of Ronell Foster on February 13, 2018, filed by counsel for Plaintiff, *I.F. et al v. City of Vallejo et al*, USDC EDCA Case No. 2:18-cv-00673-JAM-CKD as against VPD Officer McMahon.

In Paragraph 30(p), Plaintiff cites to ongoing litigation filed by counsel for Plaintiff, *Graff v. City of Vallejo et al.*, USDC EDCA Case No. 2:18-cv-02848-KJM-CKD arising from an April 2018 incident, but the District Attorney brought charges against Ms. Graff for resisting arrest in violation of Penal Code § 148(a)(1) and being under the influence of a controlled substance in violation of Health & Safety Code § 11550(a) which case is currently pending in the Solano County Superior

---

[3] Munoz-Bottomly is no longer employed with the City and has not been since 2018

Court, Case No. VCR232945. (ECF No. 18, *Graff v. City of Vallejo, et al.*, USDC EDCA Case No. 2:18-cv-02848-KJM-CKD).

In Paragraph 30(q), Plaintiff cites to ongoing litigation filed by counsel for Plaintiff, *Bagos v. City of Vallejo et al*, USDC EDCA Case No. 2:20-cv-00185-KJM-AC, arising from an August 2018 incident which Mr. Bagos alleges officers used a flashlight to strike him.

In Paragraph 30(r), Plaintiff cites to ongoing litigation filed by counsel for Plaintiff, arising from a claim by Adrian Burrell, who alleges he was 'attacked' in January 2019 for videotaping an officer holding another person at gunpoint during a traffic stop. *Burrell v City of Vallejo*, USDC EDCA Case No. 2:19-cv-01898 WBS KJN.

In Paragraph 30(u), Plaintiff alleges the City Manager made comments purportedly in 'ratification' of "the department's infamous history of violence…".

Again, none of the incidents or lawsuits cited have ever resulted in a finding or admission of a constitutional violation.

## III.

## LEGAL STANDARD

Complaints must contain a "short and plain statement" providing "enough facts to state a claim for relief that is plausible on its face" to survive a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). This requires more than a recitation of the elements of the claim. Id. The statement must include enough facts, taken as true, to suggest a right to relief. Id. The statement must "raise that right to relief above a speculative level." Id. at 555. In general, factual allegations in a complaint must be taken as true. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, mere "conclusory allegations of law and unwarranted inferences" do not. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court may, on its own motion or on motion of a party, strike from a pleading any redundant or immaterial matter. (FRCP 12(f).) The Court also has the inherent authority to demand that a party amend his complaint to conform to the requirements of Rule 8. (See, e.g., *Johnson*

*Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 n. 94 (11th Cir. 1998) ("District courts have the inherent authority to demand repleader sua sponte.") Indeed, the Court has the power to dismiss a complaint in its entirety where violations of FRCP 8's "short and plan" requirement are "egregious." [See e.g., *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 377-78 (7th Cir. 2003) (FRCP 8(a) "requires parties to make their pleadings straightforward"; "sprawling" complaint properly dismissed); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) ("[p]rolix, confusing complaints ... impose unfair burdens on litigants and judges"); see also FRCP 41(b) (dismissal for failure to comply with Federal Rules).]

## IV.

## LEGAL ARGUMENT

**A.     The Court should strike Paragraph 30(a-u).**

The Court is authorized under Rule 12(f) to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The essential function of a Rule 12(f) motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Bureeong v. Uvawas*, 922 F.Supp.1450, 1478 (C.D. Cal. 1996) (internal citations omitted).) A motion to strike should be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992). "Immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5A Wright & Miller, Federal Practice and Procedure § 1382 at 706-707 (2d ed. 1990)), rev'd on other grounds, 510 U.S. 517 (1994).) Allegations that have no possible connection to the controversy and may cause significant prejudice to a party can also be stricken.

Further, a motion to strike is appropriate if it will "eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Sliger v. Prospect Mortg., LLC*, 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2011); See also Charles Wright & Arthur Miller, Federal Practice and Procedure, 1380 (2004). Moreover, "[t]he district court [has] ample remedial authority to relieve a defendant of the burden of responding to a complaint with excessive factual detail. One option

would have been to simply strike the surplusage from the [complaint]." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008); see, *Fallon v. U.S. Gov't*, No. CIV S–06–1438, 2007 WL 707531, at *2 (E.D.Cal. March 6, 2007.)

Here, Defendant City recognizes that this issue has been raised in similar motions, brought before this court and other courts within this district. However, Defendant respectfully submits that in light of the relatively simple facts alleged in this case, the allegations in Paragraph 30(a-u) of the FAC are patently at odds with the simplicity and brevity contemplated by the Federal Rules, as it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). To support a Monell claim, Plaintiff needs to show "[a] pattern of similar constitutional violations" *Connick v. Thomson*, 563 U.S. 51, 62 (holding that four Brady violations were not sufficiently similar to the sort of Brady violation at issue in the case to establish deliberate indifference – i.e. failure to disclose blood evidence, a crime lab report, or physical or scientific evidence of any kind). However, as to these paragraphs, the incidents alleged and described do not bear sufficient resemblance to the fact pattern at issue here to be pertinent. See e.g. *Parkison v. Butte Cty. Sheriff's Dep't*, No. 2:09-CV-2257-MCE-DAD, 2013 WL 1007042, * 12 (E.D. Cal. Mar. 13, 2013), report and recommendation adopted, No. 2:09-CV-02257-MCE, 2013 WL 1345080 (E.D. Cal. Mar. 28, 2013) ("plaintiff cites to other cases that do not involve the use of PepperBall System by law enforcement. Because the cases do not involve the type of excessive force at issue here, the cases relied upon by plaintiff could not have put the Butte County Sheriff's Department or defendant Jones on notice of any widespread problem or a deficiency in training so as to prevent the alleged violation plaintiff's constitutional rights in this case.") Here, not only are the allegations in Paragraph 30(a-r) cases (involving a variety of shootings, use of tasers, and baton strikes) sufficiently dissimilar to the underlying facts of this case, Plaintiff should not be permitted to include such allegations and expand this lawsuit beyond its simple facts. This case does not involve a shooting, beating by a baton, use of taser or other devices. Instead, Plaintiff was extracted forcibly from her vehicle, arrested and pat down. To allow this case to proceed on a Monell theory inclusive of wholly irrelevant matters would cause significant prejudice to Defendant, and end up leading to potential mini-trials about each of those cases.

By the same token, inserting allegations that the City Manager at Paragraph 30(u) made public comments are clearly inflammatory and irrelevant, particularly where Plaintiff acknowledges the VPD Police Chief is the VPD policymaker, not the City Manager.

Defendant further submits that to allow the current allegations to be included in this case would lead to burdensome and unnecessary discovery, and possibly lead to eventual mini-trials about the merits of those cases. Accordingly, Paragraph 30 subparagraphs (a)-(d), (j), and (o) (officer-involved shootings), (e) and (h)- (i) (baton strikes), (f) (defense verdict for the officers), (g) and (t) (taser use), (k) and (r) (alleged unlawful stop for videotaping), (l)-(n) and (p)-(q) (alleged unlawful arrest and force during investigatory stop) and (u) (statements by City Manager) should all be stricken.

**B.     Plaintiff's Monell claim fails to state sufficient facts.**

Public entities are not vicariously liable for the actions of their employees under Section 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Municipal liability arises only when the plaintiff shows: (1) the deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *City of Canton, Ohio*, 489 U.S. at 389; *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). The municipal policy at issue must be the result of a decision of a person employed by the entity who has final decision or policy-making authority. *Monell*, 436 U.S. at 694.

Assuming the court strikes Paragraph 30, Defendant submits there are no facts to support a municipal liability claim against the City. Otherwise, Defendant submits that allegations are just that – allegations. Plaintiff's citation and reliance on her own counsel's prior allegations that did not result in some finding of unconstitutionality, nor agreement that an officer should be disciplined or that additional training is necessary, cannot support 'notice' of unconstitutionality of excessive force – particularly where the facts and circumstances of those lawsuits are factually dissimilar to the instant lawsuit. Defendant would also note the allegations fail to assert in each instance that a citizen or internal affairs complaint of the officer was in fact investigated, and the officer was

recommended to undergo discipline or training, but the policy maker determined otherwise. Without those allegations, there can be no "deliberate indifference" – i.e. allegations that a course of action was deliberately chosen. It bears repeating that this court should not allow the Monell claim to proceed on these allegations which would lead to discovery into these dissimilar matters and mini-trials of each.

Therefore, the Second Claim for Relief should be dismissed because the FAC fails to plead sufficient facts in showing that the CITY instituted any policy and/or custom that was the moving force behind any alleged constitutional violation.

### C. The Second Claim for Relief Fails to Allege Sufficient Facts to Support a Claim against [former] Chief BIDOU in his Individual Capacity

Plaintiff also seeks to hold former Chief BIDOU personally liable for "supervisory liability" under her Second Claim for Relief. FAC ¶¶ 38-43. Plaintiff has simply failed to allege sufficient facts to support a claim against BIDOU in his personal capacity.

The Supreme Court has explained that the term "'supervisory liability,' loosely and commonly used by courts and litigants alike, is a misnomer." <u>Ashcroft</u>, 556 U.S. at 667–678 (reasoning that an allegation of an unconstitutional detention policy that was authorized by a supervisor failed to state a claim because "bare assertions…amount[ing] to nothing more than a 'formulaic recitation of the elements'" of a constitutional claim were not entitled to an assumption of truth). The Court reiterated that supervisory personnel are not liable under Section 1983 for the actions of their employees under a theory of *respondeat superior*. *Id.* at 1948; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft*, 556 U.S. at 676. Plaintiffs therefore must plead and ultimately prove the supervisory defendant: (1) personally participated in the deprivation of constitutional rights; (2) knew of the violation and failed to act to prevent it; or (3) promulgated or implemented a policy so deficient that the policy is the moving force behind the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); <u>Starr v. Baca</u>, 652 F.3d 1202, 1207–08 (9th Cir. 2011). Alternatively, "supervisors can be held liable for:

1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." *Edgerly v. City and County of San Francisco*, 599 F.3d 946, 961 (9th Cir. 2010) (internal quotation marks and citation omitted).

To assert an individual-capacity claim against a supervisory official based on a failure-to-train theory, the plaintiff must show that the official was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm. *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014). The plaintiff must allege facts showing that the supervisory official "disregarded the known or obvious consequence that a particular omission in [the] training program" would cause police officers to violate the constitutional rights of individuals. Id. (quoting *Connick v. Thompson*, 563 U.S. 51 (2011) ).

Plaintiff appears to be attempting to assert an individual-capacity claim against former Chief BIDOU under these theories. However, her allegations are too conclusory to pass muster under *Iqbal*, particularly because Plaintiff is generally asserting a 'custom' of a 'culture' which is based on a series of lawsuits. That Plaintiff alleges Chief BIDOU knew or should have known of matters that occurred after he left office would appear unreasonable on its face. Otherwise, a "naked assertion" that the Chief failed to properly train, supervise, and discipline the officers in question, or created a culture of protecting wrongdoers, is not enough; Plaintiff must provide "factual enhancement." 556 U.S. at 678. Plaintiff does not describe the specific policies for which the former Chief was responsible that led to any alleged to violation of Plaintiff's Fourth Amendment rights, nor does she identify the specific deficiency in their training to which she attributes their conduct. See *Chavez v. United States*, 683 F.3d 1102, 1110 (9th Cir. 2012) (allegation that supervisory defendants "personally reviewed and, thus, knowingly ordered, directed, sanctioned, or permitted" allegedly unconstitutional stops by border agents was "wholly conclusory"); *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (allegations insufficient when plaintiff did not allege specific policy or sequence of events instigated by supervisory officials that led to unconstitutional searches).

Thus, the FAC does not allege sufficient facts to establish a claim against former Chief BIDOU. Indeed, when the named defendant holds a supervisorial position, Plaintiff must also sufficiently and specifically allege the causal link between the defendant and the claimed constitutional violation. See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). "Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient." *Wade v. Cty. of Sacramento*, 2008 WL 4104312, at *4 (E.D. Cal. Sept. 3, 2008). The FAC simply contains no factual allegations showing that former Chief BIDOU can be held liable as a supervisor-defendant.

Therefore, Plaintiff's claims against former Chief BIDOU in his individual capacity should be dismissed.

## V.

## CONCLUSION

For the foregoing reasons, Defendants CITY OF VALLEJO, ANDREW BIDOU, KEVIN BARRETO, and HEATHER LAMB respectfully request that their Motion to Dismiss, and/or to Strike be granted with prejudice.

Dated: March 19, 2020

Respectfully submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION


By /s/ John R. Whitefleet
    John R. Whitefleet
    Attorneys for Defendants CITY OF VALLEJO, ANDREW BIDOU, KEVIN BARRETO, and HEATHER LAMB