**JOHN L. BURRIS, Esq. SBN 69888**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
melissa.nold@johnburrislaw.com

**ADANTE POINTER, ESQ., SBN 236229**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Wells Fargo Center
1901 Harrison St., Suite 1140
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DELON THURSTON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, Chief of Police for the CITY OF VALLEJO, in his individual capacity; KEVIN BARRETO, Police Officer for the CITY OF VALLEJO, in his individual capacity; HEATHER LAMB, Police Officer for the CITY OF VALLEJO, in her individual capacity; and DOES 1-50, in their individual capacities, jointly and severally,<br><br>Defendants. | CASE NO.: 2:19-cv-1902<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Honorable Judge Kimberly J. Mueller<br><br>Date: July 24, 2020<br>Time: 10:00 a.m.<br>Ctrm: 3 |

Plaintiff submits the following Opposition to Defendants' Motion to Dismiss under Federal Rules of Civil Procedure 12 (b)(6).

## INTRODUCTION

On October 30, 2018, at approximatley 6:45 p.m, Plaintiff Delon Thurston was driving home from work when she observed a Vallejo Police Department patrol car in front of her. The patrol car pulled over to the curb and as soon as she passed, began following her. Ms. Thurston continued to drive home, while being folllowed by the officer. Ms. Thurston was nearing her home, the patrol car initiated a traffic stop. Ms. Thurston was concerned for her safety and notified the officers that she was afraid, which prompted them to drag her out of her car, throw her on the ground and subsequently molest her, prior to taking her to jail for resisting arrest. The District Attorney declined to charge Ms. Thurston with any crime related to this egregious violation. Ms. Thurston suffered pain and severe emotional distress as a result of this incident.

Thereafter, Plaintiff brought this action against Defendants alleging violations of the Fourth Amendment and attendant state law claims, arising out of this incident. Defendants incredulously move to dismiss Plaintiff's Complaint based upon their mistaken belief that Plaintiff randomly listed twenty-one (21) prior incidents of litigation against the City of Vallejo to demonstrate a pattern of permitting excessive force. However, as Plaintiff's Complaint clearly states, the prior cases are listed for the purpose of demonstrating Vallejo Police Department, and *inter alia* the City of Vallejo's, awareness of this pattern of its Officers using excessive force and its ongoing failure to supervise, discipline and/or retrain the officers who engage in such conduct, as evidence of the City's deliberate indifference to its Officers' constitutionally violative conduct which is tantamount to a custom, policy or practice that is encouraged and ratified by the City.

Plaintiff's counsel is currently litigating four additional cases pending in the Eastern District, which allege identical *Monell* facts related to the City of Vallejo's pattern of failing to discipline their

employees, failing to supervise their employees and subsequent ratification of officer misconduct and policy violations. (*McCoy v. City of Vallejo,* USEDC 2:19-cv-001191-JAM*; Burrell v. City of Vallejo,* USECD 2:19-cv-01898-KJM*; Jenkins v. City of Vallejo, USEDC 2:19-cv-01896-TLN*; and the matter at hand).

In the matter of *McCoy v. City of Vallejo*, the parties stipulated to stay the other three cases, including this one and allow the honorable Judge John A. Mendez to decide this identical *Monell* issue. (See Dkt. 9; USEDC 2:19-cv-01902-KJM, Dkt. 7; and USEDC 2:19-cv-01896-TLN, Dkt. 8). Judge Mendez rejected Defendants' argument for dismissal of these identical *Monell* facts. (See USEDC 2:19-cv-001191-JAM, Dkt. 12) Nevertheless, Defendants went on to file three more motions related to these identical issues. In the matter of *Burrell v. City of Vallejo*, Honorable Judge Shubb again rejected Defendants argument for dismissal of these identical *Monell* facts. (USEDC 2:19-cv-1898, Dkt. 19) Defendants' Motion to Dismiss in the matter of *Jenkins v. City of Vallejo* is still pending in front of the Honorable Judge Nunley.

However, as Plaintiff's Complaint clearly states, the prior cases are listed for the purpose of demonstrating Vallejo Police Department and inter alia the City of Vallejo's awareness of this pattern of its Officers' using excessive force and its ongoing failure to supervise, discipline and/or retrain the officers that engage in such conduct, as evidence of the City's deliberate indifference to its Officers' constitutionally violative conduct which is tantamount to a custom, policy or practice that is encouraged and ratified by the City. Plaintiff agrees with Judge Mendez and Judge Shubbs' wise opinions on this identical issue and hopes the court follows suit to permit Plaintiff's Operative Complaint to proceed on the *Monell* claim as filed.

It should be noted that the Department of Justice has recently agreed to do an expansive review of the Vallejo Police Department, in response to the public outcry related to Vallejo's long history of police violence.

Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint is based on the arguments made below, on the Court's file in this matter, and on such oral and/or documentary evidence presented at the hearing of this motion.

**TABLE OF CONTENTS**

Introduction .......... 2-4

Table of Authorities .......... 6

Statement of Facts .......... 4

Argument.......... 7-9

I. Legal Standard on Dismissal under FRCP 12(b)(6).......... 9-10

A. Plaintiffs Plead Facts Sufficient to Support Their Monell Claim .......... 10-12

i. Prior Incidents are Similar to Subject Incident .......... 12-14

B. Chief Bidou Was The Final Decision Maker for Employee Discipline.......... 14-15

C. Court Should Permit Plaintiffs to Cure Any Deficiencies in Their Complaint....... 15

D. Conclusion.......... 15-16

**TABLE OF AUTHORITIES**

**Statutes**

42 U.S.C. 1983 ………………………………………………………………………………… 10

Federal Rules of Civil Procedure 12 (b)(6) …………………………………………………………. 9

Federal Rules of Civil Procedure 15 (a) ……………………………………………………………….. 15

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)……………………………………………………... 9, 14

*Breen v City of Concord, 3:19-cv-05622, 6:3-6, Dkt #19*……………………………………………… 12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)………………………………………. 10

*Christie v. Iopa*, 176 F.3d 1231, 1238 (9th Cir.1999)…………………………………………….. 11

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)………………………………………… 11

*City of Canton v. Harris*, 489 U.S. 378 (1989) ……………………………………………………. 10

*Estate of Duran v. Chavez*, No. 2:14-cv-02048, 2015 WL 8011685, at *9 (E.D. Cal. Dec. 7, 2015) 11

*Estate of Villarreal ex rel. Villarreal v. Cooper*, 929 F.Supp.2d 1063 (2013) ……...……………. 11

Galbraith v Cnty. Of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)…………………………… 12

*Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) (per curiam)…………………………... 11

*Gilliam v. City of Vallejo*, No. 214-cv-2217, 2016 WL 4059184 (E.D. Cal. May 27, 2016)……… 11

*Gilligan v. Jamco Dev. Corp*., 108 F.3d 246, 249 (9th Cir. 1997)………………………………….. 10

*Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)…………………………………………………. 14

*Ileto v. Glock Inc*., 349 F.3d 1191, 1199-200 (9th Cir. 2003)……………………………………... 9

*Jackson v. Carey*, 353 F .3d 750, 755 (9th Cir. 2003)……………………………………………… 10

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ………………………………………… 11

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)…………………………………… 15

*Monell v. Department of Social Services*, 436 U.S. 658 (1978). …………………………………. 10

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009)………………………………………… 10

*Phillips v. Cty. of Fresno*, No. 1:13-cv-0538, 2013 WL 6243278, at *10 (E.D. Cal. Dec. 3, 2013)... 11

*Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011)……………………………………………… 14

**STATEMENT OF FACTS**

On October 30, 2018, at approximatley 6:45 p.m., Plaintiff Ms. Delon Thurston was driving home to Vallejo, from her job in Pleasant Hill. Ms. Thurston is a petite African American woman, standing 5’5” and weighing only 110 pounds.

Ms. Thurston intended to stop at a friend’s house, but was deterred when she observed a Vallejo Police Department SUV prowling around City Park. As Ms. Thurston proceeded down Sacramento Street to return home, she once again noticed the same Vallejo Police Department SUV from the park. The SUV was now in front of her at the Tennessee Street stoplight. For unknown reasons, the SUV abruptly pulled over to the side of the road and as soon as Ms. Thurston passed it, the SUV started following directly behind her, specifically targeting Ms. Thurston.

Ms. Thurston was wary of the Vallejo Police SUV, as she is familiar with Vallejo PD’s long history of unlawful violence and oppression directed at African Americans. Ms. Thurston proceeded to drive down Sacramento Street, with the police SUV following closely behind her. Ms. Thurston activated her left turn signal and turned onto Parrott Street.

As Ms. Thurston began to approach her house, the SUV activated its lights and sirens, prompting her to pull over and into her own driveway. Defendant Vallejo Police Officer Kevin Barreto agressively approached the car, accompanied by notorious Vallejo Police Detective Jarrett Tonn. Ms.Thurston asked why she was being stopped. Officer Barreto claimed Ms. Thurston made an abrupt left turn. Ms. Thurston denied making any abrupt turns, having just signaled and lawfully pulled onto her own street with full knowledge that she was being watched by the police vehicle that was following closely behind her.

Additional Vallejo Police Officers approached the car, one holding a taser in his hand in a

threatening manner, prompting Ms. Thurston to partially roll up her window as she continued to try and locate her driver's license and registration. The identity of the Officer threatening Ms. Thurston with a taser is currently unknown.

Ms. Thurston notified the Officers that she was afraid. In response, Defendant Officer Baretto yanked Ms. Thurston's door open and dragged her out of the car by her arm. Ms. Thurston was thrown down onto the cement, causing her face and chest to violently hit the ground. Officers then handcuffed Ms. Thurston.

Next Defendant Officer Heather Lamb initiated a pat search of Ms. Thurston. Defendant Officer Lamb searched Ms. Thurston's chest area and fondled her breasts in a sexual manner. As Defendant Officer Lamb searched Ms. Thurston's groin area, the officer's finger penetrated Ms. Thurston's vaginal cavity through her pants and undergarments.

Adding insult to a grevious injury, Defendant Officer Lamb arrested and hauled Ms. Thurston to jail for supposedly resisting arrest. The Solano County District Attorney refused to prosecute this facially unlawful fishing expedition.

Defendant Baretto would later claim in his official police report that he believed Ms. Thurston's car was stolen, despite the fact that the car was lawfully registered and had a visible license plate attached to it which identifued the car as Ms. Thurston's. Not surpisingly, the vehicle was not reported stolen and there was never any evidence to suggest that it was.

Ms. Thurston suffered physical and emotional injuiries as a result of Defendants' unlawful arrest and assault.

In Plaintiff's Complaint, she alleged that the subject incident continues the Vallejo Police Department's long standing pattern and practice of ratifying its Officers' misconduct. (Plaintiff's Complaint Dkt #2 ¶25-29) Plaintiff's Complaint further states Defendant City is aware of its Officers' constitutionally violative conduct yet it refuses to adequately train, supervise, discipline or

retrain its officers who engage in unconstitutional policing. (Plaintiff's Complaint Dkt #2 ¶25-29) The City's steadfast denial and/or refusal to properly train, supervise and/or discipline its Officers for using excessive force demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive force and the fabrication of official reports to cover up the Defendant officers's misconduct. (Plaintiff's Complaint Dkt #2 ¶30)

To that end, Plaintiff listed twenty-one (21) prior incidents where violations of Vallejo Police Department policy and longstanding P.O.S.T. training did not result in any manner of discipline or retraining which is similar if not identical to the allegations contained in the complaint at bar, namely that the officer who injured Plaintiff was not adequately disciplined and/or retrained. (Plaintiff's Complaint Dkt #2 ¶25-30(a) –(w), 39-43). The vast majority of the listed incidents have or are expected to result in significant monetary settlements or verdicts to compensate for the officers' wrongdoing, and none of which resulted in discipline or retraining to identify and correct violations of training and/or policy.

## ARGUMENT

## I. LEGAL STANDARD ON DISMISSAL UNDER F.R.C.P. 12 (b)(6)

A motion to dismiss under Federal Rule of Civil Procedure, Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc*., 349 F.3d 1191, 1199-200 (9th Cir. 2003). To survive a motion to dismiss, a complaint must plead sufficient "factual matter, accepted as true" to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In assessing the sufficiency of a plaintiff's pleadings, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of

discovery and continued litigation." *Id*. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and a complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." Id. (internal quotations omitted).

A Rule 12(b)(6) motion to dismiss tests the formal sufficiency of the complaint. There is a strong presumption against dismissing an action for failure to state a claim. See *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). The Rule 12(b)(6) issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Jackson v. Carey*, 353 F .3d 750, 755 (9th Cir. 2003). To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990); Cook, Perkiss & Leiche, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).*

**A. <u>PLAINTIFF PLEAD FACTS SUFFICIENT TO SUPPORT THEIR MONELL CLAIM</u>**

A municipality is only liable for the acts of its employees through section 1983 where the plaintiff can show that a policy, custom, or practice led to the violation at issue. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). The failure to train or supervise may give rise to a "policy or custom" sufficient to impose liability on defendants. *City of Canton*, 489 U.S. at 389- 90. A municipality's failure to train its employees may create § 1983 liability where the "failure to train

amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." *City of Canton*, 489 U.S. at 388; *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001). See e.g., *Estate of Villarreal ex rel. Villarreal v. Cooper*, 929F.Supp.2d 1063, 1077 (2013).

A relaxed pleading standard may apply in limited circumstances. Allegations based on "information and belief" may be sufficient to establish a "causal connection between the existing or non-existing policies, procedures and practices and the harms [Plaintiffs] experienced" when "the facts that might demonstrate the causal connection—such as...corrective actions taken or not taken—are not available to the pleading party [before] discovery." *Phillips v. Cty. of Fresno*, No. 1:13-cv-0538, 2013 WL 6243278, at *10 (E.D. Cal. Dec. 3, 2013) (internal citations and quotation marks omitted). This is particularly true when a plaintiff raises failure to discipline or failure to train claims. See *Estate of Duran v. Chavez*, No. 2:14-cv-02048, 2015 WL 8011685, at *9 (E.D. Cal. Dec. 7, 2015) (allowing plaintiffs' failure to supervise, investigate, or discipline claim to survive defendants' motion to dismiss); *Phillips*, 2013 WL 6243278 at *10 ("find[ing] that dismissal of plaintiffs' claims for entity/supervisor liability is inappropriate at this stage of the proceeding"). A plaintiff "may attempt to prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded," *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) (per curiam).

Isolated constitutional violations may also give rise to municipal liability where an agent of the municipal corporation possesses final policymaking authority and "ratifies" a subordinate's actions. *Christie v. Lopa*, 176 F.3d 1231, 1238 (9th Cir.1999) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). To establish ratification, a plaintiff must prove that the authorized policymaker approved the subordinate's position and the basis for the decision. *Id.* at 1239.

"In this circuit, a claim of municipality liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual

officers' conduct conformed to official policy, custom or practice." *Galbraith v Cnty. Of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002).*

Defendants claim that Plaintiff has not presented sufficient facts which support her *Monell* claim and that Plaintiff cannot plead prior incidents to allege a pattern and practice sufficient to support a *Monell* claim. They also allege that the simplicity of Plaintiff's violations do not warrant inclusion in the larger pattern of misconduct being alleged. Defendants are patently incorrect. Here, Plaintiff listed twenty-one (21) instances of police misconduct which resulted in claims, lawsuits, jury verdicts and/or settlements arising out of the alleged use of excessive and/or unlawful deadly force. Plaintiff further alleged the City failed to discipline or retrain any of the involved offending officers: all facts which are similar to the case at bar. Plaintiff based the allegations contained in the Complaint on personal knowledge, information, and belief, since the vast majority of cases listed in Plaintiff's Complaint were litigated by the Law Offices of John L. Burris and counsel maintains firsthand knowledge of the lack of discipline or retraining involved in those incidents, which also occurred in the instant case.

**i. PRIOR INCIDENTS ARE SIMILAR TO SUBJECT INCIDENT**

Plaintiff implores this court to use a similar analysis utilized by Magistrate Judge Sally Kim where in the *Breen v. City of Concord, et al* case, she reasoned that "highly detailed allegations from factually pertinent cases presented by Plaintiff in support of his *Monell* claim are more than sufficient to survive Defendants' motion to dismiss." (See *USNDC Case No. 3:19-cv-05622-SK Dkt #19)*

Defendants claim Plaintiff has not presented facts pertinent to their Monell claim because Plaintiffs Operative Complaint describes 21 prior incidents of alleged misconduct which are not identical to the facts presented in this incident. Defendants are stubbornly advancing this same failed argument for the fourth time. However, it is clear Plaintiff need not present identical facts to successfully advance their *Monell claim past this 12(b)(6)* stage of attack.

Here, Plaintiff's Operative Complaint lists 21 prior incidents which are factually pertinent in relation to the case at bar because they are all incidents of police conduct which resulted in: 1.) an alleged use of excessive force, 2.) violations of Vallejo Police Department policy, and 3.) the City not imposing any discipline and 4) City not retraining the involved Officer(s). Likewise, here in the case at bar, Plaintiff set forth that Defendants violated their Department's policy and training but nevertheless the City failed to discipline or retrain them, just like the other 21 incidents pled in Plaintiff's operative Complaint. Further, Defendant Barreto is and/or has been a named Defendant in multiple incidents of alleged misconduct.

Plaintiff further contends that the City's failure to discipline or retrain in this and all of the other 21 similar incidents is evidence of ratification of officer misconduct which allows rogue officers to go unchecked. All of these facts are similar to the case at bar and sufficient to permit the *Monell* claim to advance forward at this stage of litigation.

Further, Plaintiff bases the 21 allegations contained in the Operative Complaint on personal knowledge, information, and belief, since the vast majority of cases listed in Plaintiff's Complaint were litigated by the Law Offices of John L. Burris and counsel maintains firsthand knowledge of the lack of discipline or retraining involved in those incidents, which also occurred in the present case.

Plaintiff did not just list cases wherein officers who are named Defendants in the instant litigation have been named Defendants in other litigation. Instead, Plaintiff painstakingly listed a litany of other instances wherein citizens have filed government tort claims and/or lawsuits identifying other Vallejo Police Officers, who similar to the Defendants, have used excessive force under dubious circumstances and those Officers, like the one named here, were not properly disciplined or retrained. For example, in one egregious example, Officer Sean Kenney shot and killed 3 different unarmed men, in 3 separate incidents over a five month period of time but was never disciplined, retrained, debriefed or removed from duty. Incredibly, after the third shooting death he

was allowed to voluntarily quit his job and was later rehired as a homicide detective of all things. (Plaintiffs' Complaint Dkt #2 ¶ 30(a-c)).

This pattern of turning a blind eye to misconduct has resulted in a systemic problem within the Vallejo Police Department, which is demonstrated by looking at incidents of misconduct, big and small, where no one is being disciplined. Every such failure to discipline or retrain officers for overt policy and training violations acts to ratify Vallejo Police Officers' conduct and continues to place citizens at risk of harm. Plaintiff anticipates presenting statistical analysis that places Vallejo Police Department's use of force among the highest, per capita, in the country. In fact, Plaintiff are seeking federal oversight of the Vallejo Police Department as part of their prayer for relief and believe each of the 21 outrageous, undisciplined incidents demonstrates the need for such oversight!

Further, the City's failure to discipline or retrain Defendant Officers for failure to follow their own explicit policy as evidenced by multiple prior incidents, is sufficient to support Plaintiffs' *Monell* claim based upon the Fourth Amendment violation. In addition, the City's failure to discipline or retrain serves as ratification of Defendants' policy violations and unlawful conduct. As such, Defendants' Motion to Dismiss must be denied.

**B. CHIEF BIDOU WAS THE FINAL DECISION-MAKER IN FAILURE TO DISCIPLINE**

To show supervisory liability, a plaintiff must "plead that each Government official defendant, through the official's own actions, violated the constitution." *Ashcroft v Iqbal*, 556 U.S. 662, 676. (2009). To prove such involvement, a plaintiff must be able to show that the supervisory defendant, 1.) personally participated in the deprivation of rights; or 2.) knew of the violation and failed to act; or 3.) promulgated or implemented a policy so deficient that the policy is a moving force behind the constitutional violations. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011).

Defendants raised the issue that Defendant Bidou should not be listed in his individual capacity because of his lack of personal involvement in the subject incident. However, Defendants do not appear to have read Plaintiff's Operative Complaint, wherein she specifically identifies the failures of Chief Bidou, with relationship to hers and other incidents where the Chief himself specifically failed to discipline or reprimand officers, which resulted in ratification of misconduct. (See Dkt. 1, para. 26-30) Upon information and belief, Plaintiff alleges that Defendant Bidou was the final decision-maker in the subject incident and specifically failed to discipline and/or retrain any of the involved officers. (See Dkt. 1. para 27)

Plaintiff has plead facts sufficient to support her naming of the Chief in his individual capacity at this stage in the litigation.

**C. COURT SHOULD PERMIT PLAINTIFFS TO CURE ANY DEFICIENCIES IN THEIR COMPLAINT**

Should the Court determine that the Complaint is defective, it must then decide whether to grant Plaintiff leave to amend her Complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal quotation marks and alterations omitted). Given the wealth of information pled concerning the City's pattern and practice of permitting its Officers to remain inadequately trained and supervised so that its Officers engage in the rampant use of excessive force, Plaintiff should be granted leave to cure any defects.

**D. CONCLUSION**

Plaintiff pled several paragraphs of specific, detailed factual allegations that the City engages in a custom, policy or practice of excessive force, that it refuses to adequately train its officers in how

to properly use force and/or discipline its officers who engage in constitutionally violative conduct and conduct which violates the Police Department's explicit policies, and thereafter ratifies such misconduct. In addition, Plaintiff made specific allegations of prior, undisciplined wrongdoing against Defendants. Plaintiff's complaint also cites multiple court cases involving allegations of unlawful and excessive force similar to those presented here. For the reasons illustrated above, Plaintiff prays the court deny Defendants' Motion to Dismiss and respectfully requests leave to amend to correct any identified deficiencies.

Respectfully submitted,

**LAW OFFICES OF JOHN L. BURRIS**

Date: July 10, 2020

/s/ *Melissa C. Nold*
ADANTE D. POINTER
MELISSA C. NOLD
COUNSEL FOR PLAINTIFF