**RANDY J. RISNER**
Interim City Attorney, SBN 172552
**BY: KATELYN M. KNIGHT**
Deputy City Attorney, SBN 264573
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687

**P O R T E R  |  S C O T T**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants CITY OF VALLEJO, ANDREW BIDOU, KEVIN BARRETO, and
HEATHER LAMB

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DELON THURSTON,

          Plaintiff,

v.

CITY OF VALLEJO, ANDREW BIDOU,
KEVIN BARRETO, and HEATHER
LAMB, and DOES 1 to 50,

          Defendants.

_____ /

CASE NO. 2:19-cv-01902-KJM-CKD

**DEFENDANTS' CITY OF VALLEJO,
ANDREW BIDOU, KEVIN BARRETO
AND HEATHER LAMB'S REPLY TO
OPPOSITION TO MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED
COMPLAINT**

DATE:  July 24, 2020
TIME:  10:00 a.m.
CTRM: 3, 15th Floor

Complaint Filed: 07/20/18

      Defendants CITY OF VALLEJO, ANDREW BIDOU, KEVIN BARRETO, and HEATHER

LAMB (collectively "Defendants") submit the following in reply to the Opposition filed by

Plaintiff DELON THURSTON to Defendants' motion to dismiss the First Amended Complaint

{02241869.DOCX}                       1

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL.: 916.929.1481
FAX: 916.927.3706

1   ("FAC") and/or to strike the irrelevant and unrelated allegations pursuant to Federal Rule of Civil

2   Procedure Rule 12(f).

3                                             I.

4                                   **INTRODUCTION**

5           Notwithstanding that this case arises out of an alleged October 30, 2018 traffic stop of

6   Plaintiff and extraction from her vehicle by Vallejo Police Officer BARRETTO, and subsequent

7   pat-down search and arrest by Vallejo Police Officer HEATHER LAMB, Plaintiff insists that

8   Paragraph 30 subparagraphs (a)-(d), (j), and (o) (officer-involved shootings), (e) and (h)- (i) (baton

9   strikes), (f) (defense verdict for the officers), (g) and (t) (taser use), (k) and (r) (alleged unlawful

10  stop for videotaping), (l)-(n) and (p)-(q) (alleged unlawful arrest and force during investigatory

11  stop) and (u) (statements by City Manager) are sufficient to state a Monell claim.

12          Defendants submit that Plaintiff not only fails to recognize that the allegations must be

13  "sufficiently similar" but also fails to articulate how shootings, baton strikes etc. are in fact

14  sufficiently similar to fact pattern here for purposes of Monell.

15          Defendant former Chief BIDOU also sought dismissal for lack of allegations of personal

16  participation and/or a causal link between the defendant and the claimed constitutional violation

17  must be specifically alleged.  Plaintiff appears to argue a ratification theory, but fails to address the

18  elements of ratification, which are not met.

19                                            II.

20                                **LEGAL ARGUMENT**

21  A.     **The Court should strike Paragraph 30(a-u).**

22          Defendants moved to strike the allegations in Paragraph 30(a-u) of the FAC as patently at

23  odds with the simplicity and brevity contemplated by the Federal Rules, as well as for the lack of

24  sufficient factual similarity as required by *Connick v. Thomson*, 563 U.S. 51 (2011).

25          Plaintiff does directly address the requirement that Monell allegation be sufficiently similar.

26  Plaintiff does not dispute that the allegations in Paragraph 30(a-r) cases (involving a variety of

27  shootings, use of tasers, and baton strikes) are sufficiently dissimilar to the underlying facts of this

28  case.  By the same token, Plaintiff does not dispute that public comments by the City Manager at

PORTER | SCOTT
350 University Ave, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02241869.DOCX}                                    2

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS/STRIKE**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Paragraph 30(u) irrelevant, particularly where Plaintiff acknowledges the VPD Police Chief is the VPD policymaker.

Instead, Plaintiff appears to attempt to paint these additional allegations under the rubric of "history of unlawful violence and oppression directed at African Americans." (Opposition, p.7:13-14). This argument must be rejected.

This case does not include claims of discrimination or harassment based on race or some Equal Protection violation based on race. This case does not involve a shooting, beating by a baton, use of taser or other devices. Instead, Plaintiff was extracted forcibly from her vehicle after a traffic stop when she refused to provide identification, and an open bottle of alcohol was located in the vehicle. To allow this case to proceed on a Monell theory inclusive of wholly irrelevant matters would cause significant prejudice to Defendant, and end up leading to potential mini-trials about each of those cases.

Accordingly, Paragraph 30 subparagraphs (a)-(d), (j), and (o) (officer-involved shootings), (e) and (h)- (i) (baton strikes), (f) (defense verdict for the officers), (g) and (t) (taser use), (k) and (r) (alleged unlawful stop for videotaping), (l)-(n) and (p)-(q) (alleged unlawful arrest and force during investigatory stop) and (u) (statements by City Manager) should all be stricken.

**B.     Plaintiff's Monell claim fails to state sufficient facts.**

Defendants also argued that assuming the court strikes Paragraph 30, Plaintiff's Monell claim fails. Plaintiff does not address this argument other than to stand on the allegations as they are. Instead, Plaintiff appears to implicitly concede the allegations fall short, arguing a "relaxed pleading standard" should apply, citing *Phillips v. Cty. of Fresno*, No. 1:13-cv-0538, 2013 WL 6243278, at *10 (E.D. Cal. Dec. 3, 2013) (Opposition, p.11:4-20). This should be rejected.

The Phillips court cited to *Wool v. Tandem Computers, Inc.* 818 F.2d 1433, 1439 (9th Cir. 1987), a case of corporate fraud, where the court found that plaintiffs cannot be expected to have personal knowledge of the details of corporate internal affairs, and thus relaxed the application of Rule 9(b) when factual information is peculiarly within the defendant's knowledge or control. *Id.* This does not translate to relaxed pleadings under Rule 8, which is otherwise notice pleading, but under the Iqbal standard of plausible claims. See *McDaniels v. Cty. of San Joaquin*, No. CV 2:16-

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS/STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT**

PORTER | SCOTT
350 University Ave, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

2007 WBS DB, 2017 WL 915356, at *3 (E.D. Cal. Mar. 7, 2017) (declining to apply a relaxed pleading to a Monell claim as, "Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." citing *Iqbal*, 556 U.S. at 678-79.); See also *Carmona v. Bolanos*, No. 18-CV-05232-LHK, 2019 WL 2247832, at *3 (N.D. Cal. May 23, 2019) ("Plaintiff's assertion that a relaxed pleading standard applies here contravenes established Ninth Circuit precedent, which acknowledges the impact of *Twombly* and *Iqbal* on the ability to plead a viable *Monell* claim.")

Plaintiff also fails to address how the prior cases support 'notice' of unconstitutionality of excessive force – particularly where the facts and circumstances of those lawsuits are factually dissimilar to the instant lawsuit.  Nor does Plaintiff address the omission in the pleadings whereby a citizen or internal affairs complaint of the officer was in fact investigated, and the officer was recommended to undergo discipline or training, but the policy maker determined otherwise. Without those allegations, there can be no "deliberate indifference" – i.e. allegations that a course of action was deliberately chosen.  It bears repeating that this court should not allow the Monell claim to proceed on these allegations which would lead to discovery into these dissimilar matters and mini-trials of each.

Therefore, the Second Claim for Relief should be dismissed because the FAC fails to plead sufficient facts in showing that the CITY instituted any policy and/or custom that was the moving force behind any alleged constitutional violation.

**C.    The Second Claim for Relief Fails to Allege Sufficient Facts to Support a Claim against [former] Chief BIDOU in his Individual Capacity**

Defendant former Chief BIDOU argued that the "supervisory liability" claim in her Second Claim for Relief failed to allege sufficient facts to support a claim against BIDOU for lack of allegations that he (1) personally participated in the deprivation of constitutional rights; (2) knew of the violation and failed to act to prevent it; or (3) promulgated or implemented a policy so deficient that the policy is the moving force behind the constitutional violation.

In opposition, Plaintiff appears to rely on the various alleged lack of discipline in the numerous cases listed in Paragraph 30, but fails to appreciate that there are no allegations that for

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

1  any of those cases that the officer was in fact investigated, was recommended to undergo discipline

2  or training, but Chief BIDOU determined otherwise.    These omissions render the allegations

3  insufficient.

4          Plaintiff also generally claims she pleads she mean Chief Bidou ratified the conduct herein.

5  However, Plaintiff fails to point to any allegations that Chief Bidou ratified the conduct herein.

6  Plaintiff's allegations are too conclusory to pass muster under *Iqbal*, particularly because Plaintiff is

7  generally asserting a 'custom' of a 'culture' which is based on a series of lawsuits.  "Vague and

8  conclusory allegations concerning the involvement of official personnel in civil rights violations are

9  not sufficient." *Wade v. Cty. of Sacramento*, 2008 WL 4104312, at *4 (E.D. Cal. Sept. 3, 2008).

10  That Plaintiff alleges Chief BIDOU knew or should have known of matters that occurred after he

11  left office would appear unreasonable on its face.  Otherwise, a "naked assertion" that the Chief

12  failed to properly train, supervise, and discipline the officers in question, or created a culture of

13  protecting wrongdoers, is not enough.  *Chavez v. United States*, 683 F.3d 1102, 1110 (9th Cir.

14  2012) (allegation that supervisory defendants "personally reviewed and, thus, knowingly ordered,

15  directed, sanctioned, or permitted" allegedly unconstitutional stops by border agents was "wholly

16  conclusory"); *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (allegations insufficient when

17  plaintiff did not allege specific policy or sequence of events instigated by supervisory officials that

18  led to unconstitutional searches).

19          Therefore, Plaintiff's claims against former Chief BIDOU in his individual capacity should

20  be dismissed.

### III.

### CONCLUSION

23          For the foregoing reasons, Defendants CITY OF VALLEJO, ANDREW BIDOU, KEVIN

24  BARRETO, and HEATHER LAMB respectfully request that their Motion to Dismiss, and/or to

25  Strike be granted with prejudice.

26  ///

27  ///

28  ///

{02241869.DOCX}                                          5

1

2    Dated:  July 14, 2020

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION


By /s/ John R. Whitefleet
        John R. Whitefleet
        Attorneys for Defendants CITY OF
        VALLEJO, ANDREW BIDOU,
        KEVIN BARRETO, and HEATHER
        LAMB

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02241869.DOCX}                                  6

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS/STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT**